IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CATHERINE DENISE RANDOLPH      *

   v.      *    CIVIL ACTION NO. CCB-15-785

U.S. ATTORNEY GENERAL      *
 ERIC HOLDER, JR.
                                        *
                                            *****

## **MEMORANDUM**

On March 18, 2015, plaintiff, a resident of 4232 Shamrock Avenue in Baltimore, Maryland, filed this self-represented action, naming the United States Attorney General as the defendant. In her statement of facts she states:

> Uphold Federal Rule 302. I am requesting recovery of civil damages authorized for intercept disclosure since it was done intentionally by unknown hackers (4234 Shamrock Avenue Baltimore Maryland 21206) For your information see-read attachment Rule 18 U.S.C [§] 2520 and 18 U.S.C. [§] 2513. Please consider to grant relief for good cause: preliminary injunction relief (seize and judicial forfeit unlawful devices 18 U.S.C. [§] 2513), declaratory relief: stop misappropriation in the social media 24/7 disclosure to Federal Communication Commission systems (by hackers) (TV, radio, cellphones interception audio and video illegal circulation) prohibits advertising 18 U.S.C. § 2512 (read) loss wages-loss time (unemploy 9 years which includes false arrest-criminal cases #506069025 and #506069026) mental distress, dignity harm and punitive damages. I need equal justice – 7th Amendment. I am entitled to my privacy, dignity and respect at all times. Federal Rule 18 U.S.C. [§] 3771 Crime victim rights law Please grant my relief to restore my character.

(Compl. 2, ECF No. 1.) Plaintiff seeks an injunction to "stop wiretap by hackers" and asks to be awarded $3 billion in damages. (*Id*. at 3.) On March 19, 2015, plaintiff filed a motion to amend, reiterating her original claims and requesting declaratory relief and a preliminary and permanent injunction to stop the alleged illegal wiretapping committed by her next door neighbors.[1] (Mot. Amend., ECF No. 3.)

---

[1] The court observes that plaintiff has filed several prior cases regarding alleged wiretapping and hacking by her neighbor at 4234 Shamrock Avenue. *See Randolph v. State of Maryland*, Civil Action No. GLR-14-2713 (D. Md.);

Plaintiff has moved to proceed in forma pauperis. (ECF No. 2.) Because she appears indigent, her motion to proceed without the prepayment of the civil filing fee will be granted. Her complaint will, however, be summarily dismissed.

Pursuant to 28 U.S.C. § 1915,[2] courts are required to screen a plaintiff's complaint when in forma pauperis status has been granted. Therefore, pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints. *See Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006) (affirming district court's dismissal of non-prisoner's complaint under 28 U.S.C. § 1915(e)(2)(B)); *Evans v. Albaugh*, No. 3:13-CV-11, 2013 WL 5375781, at *1 n.1 (N.D.W. Va. Sept. 25, 2013) (noting that 28 U.S.C. § 1915(e) authorizes dismissal of complaints filed in forma pauperis).

A complaint is frivolous if it is without "an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In this case plaintiff is self-represented. When reviewing a complaint filed by a self-represented plaintiff, courts hold it "to less stringent standards than formal pleadings drafted by lawyers . . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A court, however, may dismiss a claim as frivolous if "the facts alleged are 'clearly baseless[.]'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke*, 490 U.S. at 327).

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must also dismiss plaintiff's complaint if it fails to state a claim on which relief may be granted. Although a pro se plaintiff's pleadings are

---

*Randolph v. New Technology*, Civil Action No. ELH-14-3068 (D. Md.); *Randolph v. Baltimore City States Attorney*, Civil Action No. WDQ-14-3176 (D. Md.); *Randolph v. U.S. Attorney General*, Civil Action No. GLR-14-3298 (D. Md.); *Randolph v. United States, et al.*, Civil Action No. JFM-14-3609 (D. Md.); *Randolph v. U.S. Attorney*, Civil Action No. CCB-15-9 (D. Md.); *Randolph v. Holder*, Civil Action No. JKB-15-314 (D. Md.); and *Randolph v. Holder, et al.*, Civil Action No. JFM-15-552 (D. Md.).

[2]  The statute provides in pertinent part:
   (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal— (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

liberally construed, plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "Th[is] plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (quoting *id.* at 557).

Upon generous construction of the complaint, the court finds that plaintiff has failed to set out a plausible claim entitling her to relief. Sections 2520 and 2512 of Title 18 of the United States Code are criminal statutes and do not provide a basis to impose civil liability. *See Flowers v. Tandy Corp.*, 773 F.2d 585, 588 (4th Cir. 1985). Moreover, to the extent plaintiff asserts she is a crime victim, this court has no authority to initiate criminal charges because the decision whether to prosecute, and for what offense, rests with the prosecution. *See*, *e.g.*, *Borderkircher v. Hayes*, 434 U.S. 357, 364 (1978); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). If plaintiff seeks to pursue criminal charges, she must bring her allegations to the attention of law enforcement authorities.

Further, the assertions made in the complaint regarding plaintiff's neighbor amount to rambling statements of blanket criminal and civil rights violations. The allegations are "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised[,]" *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988), and thus may be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). *See, e.g.*, *Davis v. Pak*, 856 F.2d 648, 652 (4th Cir. 1988). The complaint contains no allegations of legal significance, fails to state a claim upon which relief may be granted, and therefore must be dismissed.

For the aforementioned reasons, the court hereby dismisses the case for the failure to

state a claim against defendant.[3]  A separate Order follows.


Date:  March 23, 2015                                  /S/
                                               Catherine C. Blake
                                               United States District Judge

---

[3] In light of the dismissal of the case, it would be futile for plaintiff to amend her complaint.  Her motion to amend will be denied.